1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

11
12
13
14

15    SONIA AGUILAR                    )  No. ED CV 06-1030 SH
                                       )
16              Plaintiff,             )  MEMORANDUM DECISION
                                       )
17              v.                     )
                                       )
18    MICHAEL J. ASTRUE,               )
      Commissioner of Social Security, )
19                                     )
                Defendant.             )
20                                     )
                                       )
21    _____ )

22                      I. PROCEEDINGS

23          Plaintiff filed a Complaint on September 20, 2006, seeking review of the

24    decision by the Commissioner of the Social Security Administration denying

25    Disability Insurance Benefits and Supplemental Security Income disability benefits

26    for lack of disability. On October 19, 2006 both parties consented to proceed

27    before United States Magistrate Judge Stephen J. Hillman, after which defendant

28    filed an answer on January 30, 2007. The parties thereafter filed an administrative

      record and a joint stipulation on May 14, 2007. The matter has been taken under

1   submission.

2

3                                    II. <u>BACKGROUND</u>

4         Plaintiff filed an application for Supplemental Security Income payments on

5   April 20, 2004 alleging an inability to work due to lumbar disc disease and pain in

6   her hands and shoulders. AR 15. The application was denied, both initially and

7   upon reconsideration, by the State Disability Determination Service and a request

8   for a hearing was timely filed. AR 15. On March 30, 2006, plaintiff appeared and

9   testified before an Administrative Law Judge ("ALJ"). AR 15.

10         Following the hearing, plaintiff's claim was denied yet again. AR 18. The

11  ALJ concluded that the plaintiff was not disabled at any time through May 11,

12  2006, and that her residual functional capacity allows her to complete previous

13  work-related activities and to perform past relevant work. AR 18. The ALJ also

14  concluded that the plaintiff's allegations regarding her limitations were not totally

15  credible based on the testimony of the medical expert present at the hearing, Dr.

16  Sparks. AR 18.

17         Following the ALJ's determination, the plaintiff filed a complaint which

18  challenges the ALJ's determination on three issues. Plaintiff alleges that the ALJ

19  erred (1) by improperly considering the opinion of Plaintiff's treating physicians;

20  (2) by improperly considering Plaintiff's credibility; and (3) by not considering the

21  side effects of plaintiff's medications in accordance with SSR 96-7p.

22         For the reasons discussed below, the Court finds that plaintiff's first claim of

23  error has merit. Since the matter is reversed and remanded for further proceedings

24  based on plaintiff's first claim of error, the Court will not address plaintiff's second

25  and third claims of error.

26

27                                   III. <u>DISCUSSION</u>

28         In this case, the Administrative Law Judge (hereinafter "ALJ") failed to

1  properly consider the opinions of the plaintiff's treating physicians. Specifically,

2  the ALJ failed to develop the record with respect to the plaintiff's possible carpal

3  tunnel syndrome, as diagnosed by Dr. Luthra, and instead relied solely on Dr.

4  Sparks's testimony that the possible carpal tunnel syndrome could not be

5  considered because it had not been in effect for twelve months. AR 133, 166.

6  Generally the opinions of a treating physician are afforded more weight than the

7  opinions of other doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

8      In her decision, the ALJ dismisses carpal tunnel syndrome as one of the

9  factors which could contribute to the plaintiff's possible disability because the

10  record lacked "treating records or objective findings." AR 15. However, the record

11  is filled with physicians' reports from Dr. Davis, the plaintiff's treating physician,

12  which involve complaints of arm and hand pain, and the subsequent prescriptions

13  to help the plaintiff deal with the pain. AR 98, 113. Additionally, the record

14  contains complaints from the plaintiff herself regarding arm and hand pain. AR 69.

15  The plaintiff also saw another doctor, Dr. Luthra, regarding the hand pain she had

16  been experiencing. Dr. Luthra's diagnosis of carpal tunnel syndrome is also in the

17  record, as well as her prescription that the plaintiff use a brace on her wrists to help

18  with the pain and that plaintiff see a hand surgeon to repair a torn ligament. AR

19  133. Indeed, the record appears to be filled with findings of arm and hand pain, and

20  treatments for that pain.

21      Furthermore, this court finds that it was error for the ALJ to discount the

22  possibility of carpal tunnel syndrome solely based on the aforementioned

23  testimony of Dr. Sparks. Setting aside the fact that the administrative record

24  contains records from treating physicians which suggest that the plaintiff had hand

25  pain, and that the opinions of these treating physicians should be given more

26  weight than Dr. Sparks, Dr. Sparks opinion appears to be based on incorrect logic.

27  Dr. Sparks opines that even if we accept that the plaintiff has carpal tunnel

28  syndrome, the ailment is non-severe because it has not existed for more than

1  twelve months. AR 166. The error here is that the twelve months begins running

2  not when the impairment is first diagnosed, but rather at the first onset of the

3  impairment itself. 42 U.S.C.A. § 423(d)(1)(A). The date of the diagnosis of carpal

4  tunnel syndrome by Dr. Luthra is neither necessary nor sufficient. Indeed, the

5  reports of arm and hand pain appear in the administrative record on documents

6  dated as early as 9/28/04. AR 66, 69.

7  Thus, it was error for the ALJ to consider the opinion of Dr. Sparks over that

8  of the plaintiff's treating physicians, and to entirely discount the possibility of

9  carpal tunnel syndrome based on said opinion. It was therefore also error for the

10  ALJ to not further develop the record with respect to carpal tunnel syndrome and

11  its effect on the plaintiff. The ALJ herself recognizes that the record lacks an EMG

12  or nerve conduction test which could help discern whether or not the plaintiff was

13  suffering from carpal tunnel syndrome. AR 15. Additionally, Dr. Sparks noted

14  during the hearing that further restrictions might be placed upon the plaintiff if he

15  "[had] more information on that [diagnosis of carpal tunnel syndrome]." AR 166.

16  The ALJ could have ordered that these tests be conducted, or at least inquired to

17  the plaintiff as to why she did not follow up on the suggestion by Dr. Luthra. Why

18  the plaintiff did not follow up on the diagnosis of carpal tunnel syndrome, whether

19  or not she actually has carpal tunnel syndrome, if so, when it began ailing her, and

20  whether or not this changes the determination of Dr. Sparks, are all questions that

21  have not been satisfactorily answered.

22  It is the shared responsibility of both counsel for the plaintiff and the ALJ to

23  fully develop the record. As plaintiff's counsel bears the burden of proving a

24  disability, it is the concurrent responsibility of the ALJ to develop the record where

25  current evidence is inadequate so as to be able to make an informed decision. See

26  42 U.S.C.A. § 423(d)(2)(A)-(B); Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir.

27  2001). In the present case, the diagnosis of Dr. Luthra, while insufficient to

28  conclude that the plaintiff is suffering from disabling carpal tunnel syndrome, and

1  for how long, certainly was sufficient to trigger the ALJ's responsibility to

2  investigate the possibility of carpal tunnel syndrome further.

3      The defendant is quick to point out that it is the responsibility of the plaintiff

4  to establish not only the existence of a condition or ailment, but also of the

5  "disabling severity" of the condition. See Hinkle v. Apfel, 132 F.3d 1349, 1352

6  (10th Cir. 1997); Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir. 1981). This

7  court finds this argument to be unpersuasive with respect to the plaintiff's possible

8  carpal tunnel syndrome. The hearing transcript contains several explanations of the

9  difficulty that the plaintiff is having completing household chores, caring for her

10 children, and even answering the phone as a result of her hand pain. AR 155-156,

11 159-161. Considering the ALJ wrote that she found the plaintiff to be "sincere in

12 respect to her testimony on subjective matters such as the existence of pain and

13 [symptomology]," it follows that the ALJ credited this testimony. AR 16.

14 Therefore it is the opinion of this Court that the plaintiff likely met her de minimus

15 showing of impairment, and also likely demonstrated through her testimony the

16 "disabling severity" of that impairment– triggering the ALJ's duty to further

17 develop the record with respect to carpal tunnel syndrome.

18     This Court also finds that it was not harmless error for the ALJ to fail to

19 develop the record with respect to carpal tunnel syndrome. As Dr. Sparks mentions

20 in his testimony, a potential determination that the plaintiff was suffering from

21 carpal tunnel syndrome for more than a year may add additional restrictions on her

22 ability to work. AR 166. Furthermore, the presence of carpal tunnel syndrome

23 might also allow the plaintiff to meet or equal one of the listings of severe

24 impairments provided in 20 C.F.R. Pt. 404 Sub.Pt. P App. 1. Indeed, Dr. Sparks

25 recognized that the presence of carpal tunnel might change the Listings that he

26 considered for the plaintiff. AR 165. Even if plaintiff's carpal tunnel condition did

27 not meet one of the Listings, the combination of her impairments might then

28

become medically equivalent to one of the Listings. Lastly, a determination that the plaintiff suffers from carpal tunnel syndrome in the manner that she testified to might also change the opinion of the vocational expert. While the vocational expert testified that even with carpal tunnel syndrome the plaintiff could work as a receptionist, this appears to completely ignore the plaintiff's testimony about what she was capable of doing. AR 172. The plaintiff testified to being unable to hold a telephone for more than 30 minutes at a time, frequently dropping things, and consistently having pain in her dominant hand. AR 155-156, 159-161. Logically these limitations seem to be inconsistent with the responsibility of a receptionist which may include answering phones, typing, and any other number of jobs which involve fingering and handling. Hence, since a determination that the plaintiff suffers from carpal tunnel syndrome may change the testimony of Dr. Sparks or the vocational expert, it was not harmless error for the ALJ to fail to further develop the record.

IV. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date: June 1, 2007

_____/s/_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE